# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHAEL COPON and**
**MICHAEL COPON STUDIOS,**
**LLC,**

      **Plaintiffs,**

v.                                                                       Case No: 6:23-cv-1987-PGB-DCI

**FRANCIS LARA HO, 1521**
**MOVIE, LLC, INSPIRE**
**STUDIOS, INC. and 7M**
**PICTURES, LLC,**

      **Defendants.**
_____/

## ORDER

This cause comes before the Court upon Defendants Francis Lara Ho, 1521 Movie, LLC, 7M Pictures, LLC, and Inspire Studios, Inc.'s (collectively, "**Defendants**") Motion to Dismiss First Amended Complaint and/or for a More Definite Statement Pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), 12(b)(2), 12(b)(6), and 12(e), and Motion to Strike Demand for Attorney's Fees Pursuant to Federal Rule of Civil Procedure 12(f) (Doc. 30 (the "**Motion**")). Therein, Defendants request, *inter alia*, that the Court dismiss Plaintiffs' First Amended Complaint (Doc. 15 (the "**Complaint**")) as it constitutes an improper shotgun pleading. (Doc. 30, pp. 10–13). Plaintiff has filed a response to the Motion (Doc. 38 (the "**Response**")), and the matter is ripe for review.

**I.      LEGAL STANDARD**

The Eleventh Circuit has "been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years . . . ." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). There are four acknowledged types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Moreover, a court may not "parse" a shotgun pleading "in search of a potentially valid claim" because doing so "would give the appearance of lawyering for one side of the controversy and, in the process, cast [the court's] impartiality in doubt." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018).

**II.     DISCUSSION**

The instant Complaint is a quintessential example of the first type of shotgun pleading described in *Weiland*. *See* 792 F.3d at 1321–23. As Defendants note in the Motion, in the first paragraph under each Count, Plaintiffs repeat the statement

2

that "Plaintiffs re-allege all previous allegations that appear above." (Doc. 15, ¶¶ 79, 95, 104, 111, 118, 127, 136, 144, 151, 162, 170; Doc. 30, pp. 11–12). Such stacking of allegations is not permitted and requires repleader. *See Bardelas v. City of Doral*, No. 1:20-cv-24894-KMM, 2021 WL 2531074, at *4 (S.D. Fla. Apr. 15, 2021).

The Court also finds that the Complaint arguably constitutes a shotgun pleading of the fourth type described in *Weiland*. *See* 792 F.3d at 1321–23. The Complaint is not a model of clarity, including with regard to identifying which Plaintiff(s) are bringing claims against which Defendant(s) and for what particular conduct under each of the Counts. The Court advises Plaintiffs to clarify these matters on repleader.

## III.  CONCLUSION

For the aforementioned reasons, Defendants' Motion is granted in part and denied in part.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss First Amended Complaint and/or for a More Definite Statement Pursuant to Florida Rules of Civil Procedure 8, 12(b)(1), 12(b)(2), 12(b)(6), and 12(e), and Motion to Strike Demand for Attorney's Fees Pursuant to Florida Rule of Civil Procedure 12(f) (Doc. 30) is **GRANTED IN PART** and **DENIED IN PART**.

2. The First Amended Complaint (Doc. 15) is **DISMISSED WITHOUT PREJUDICE** as an improper shotgun pleading.

3. Defendants' Motion to Dismiss First Amended Complaint and/or for a More Definite Statement Pursuant to Florida Rules of Civil Procedure 8, 12(b)(1), 12(b)(2), 12(b)(6), and 12(e), and Motion to Strike Demand for Attorney's Fees Pursuant to Florida Rule of Civil Procedure 12(f) (Doc. 30) is **DENIED WITHOUT PREJUDICE** as to the remaining arguments raised therein that the Court does not reach at this time.

4. On or before March 1, 2024, Plaintiffs may file a second amended complaint that cures the deficiencies outlined in this Order.

5. Plaintiffs are cautioned that failure to file a second amended complaint within the time provided may result in the Court dismissing this case without prejudice and closing the file without further notice.

**DONE AND ORDERED** in Orlando, Florida on February 16, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4