UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA

Case 6:23 cv 01987

MICHAEL COPON et al.,
    Plaintiffs,
v.
FRANCIS LARA HO et al.,
    Defendants.
_____

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
REGARDING DEPOSITIONS OF
MICHAEL COPON and VICTORIA COPON

## Introduction

Plaintiffs respectfully, through their undersigned counsel, submit this Memorandum of Law in support of Plaintiffs' Time Sensitive Motion for a Protective Order ("Plaintiffs' Motion for A Protective Order") in connection with the depositions of Plaintiff Michael Copon ("Copon") in both his individual capacity and as corporate representative of Michael Copon Studios, LLC ("Copon Studios") and his wife Victoria Copon, a non-party in this action, to protect them from unwarranted annoyance, embarrassment, oppression, or undue burden and expense and to protect Plaintiffs from the compelled disclosure by Defendants of information, matters and communications that are privileged and irrelevant to the claims and defenses actually pending in this case in direct violation of the Federal

1

Rules of Civil Procedure 26 governing the permissible bounds of discovery in federal cases.

Plaintiffs Copon and Copon Studios, LLC ("Plaintiffs") filed their Second Amended Complaint ("SAC")(ECF 58) on March 1, 2024 against Defendants Francis Lara Ho ("Ho"), 1521 Movie, LLC ("1521 Movie"), 7 M Pictures, LLC ("7 M"), Inspire Studios, Inc. ("Inspire Studios")("Defendants"). The SAC alleges twenty one causes of action against Defendants for their misconduct against Plaintiffs in connection with the production and exhibition of a motion picture entitled *1521* ("The Film").

To date, Defendants have not filed an answer to the SAC. Defendants' Motion to Dismiss Plaintiffs' SAC ("Defendants' Motion to Dismiss") was filed March 15, 2024 and is pending (ECF # 67).

This Memorandum of Law is filed in support of Plaintiffs' Time Sensitive Motion for A Protective Order regarding the depositions of Copon and his wife Victoria Copon ("Mrs. Copon") scheduled to take place on July 23, 2024 and July 22, 2024, respectively.

Plaintiffs request a protective order from this Honorable Court to limit the scope of the depositions of Copon and Mrs. Copon to exclude inquiries into protected spousal communications.

Plaintiffs request a protective order from this Honorable Court to limit the scope of the deposition of Copon to matters relevant to claims, defenses and counterclaims actually pending in the action at bar and to exclude discovery of matters pertaining to claims, defenses and counterclaims that Defendants have not asserted since they have not filed an answer in this action.

Plaintiffs request a protective order from this Honorable Court to limit the scope of the deposition of Copon to prohibit inquiries into the application for and prosecution of copyright registrations in connection with the Film to the extent they constitute matters that constitute work product and attorney client privileged communications.

Plaintiffs request a protective order from this Honorable Court to limit the scope of the deposition of Copon to prohibit inquiries into his communications with representatives of his labor union, Screen Actors Guild -American Federation of Television and Radio Artists ("SAG-AFTRA") and former attorney that were made confidentially in anticipation of litigation against Defendants as well as in connection with a claim against Defendants with the labor union.

## Background

On July 8, 2024, the undersigned Plaintiffs' counsel, Defendants' counsel and Mrs. Copon's counsel had a telephonic conferral regarding the deposition of Mrs. Copon. Plaintiffs' counsel stated emphatically that there was and would not

be any waiver of the spousal communication privilege at Mrs. Copon's deposition. Defendants' counsel did not assert any objections or exceptions during the call.

On July 10, 2024, counsel for Defendants served a Rule 30(b)(6) Notice for the deposition of Copon as corporate representative of Copon Studios ("Defendants' Notice of Deposition"), for an in person deposition to take place on July 19, 2024 which has been rescheduled by agreement to July 23, 2024.

On July 11, 2024, the undersigned counsel for Plaintiffs and Defendants' counsel conducted a telephone conferral on the scope and language of Defendants' Request for Production to which Plaintiffs were preparing to submit a First Amended Response. During the phone call, the undersigned counsel was stunned to learn from Defendants' counsel that Defendants' counsel intend to gather information and discovery from Plaintiffs for a claim of defamation against Plaintiffs which has not been asserted by Defendants as either a defense, claim or counterclaim because, as the record makes clear, they have not filed an answer to Plaintiffs' SAC. Further, defamation is not relevant to any of Plaintiffs claims as set forth in their SAC.

On July 12, 2024, Plaintiffs' counsel notified Defendants' counsel by email that she objected to the scope of the Notice of Deposition. Plaintiffs' counsel specified her objections in a letter to Defendants' counsel on July 15, 2024 ("Plaintiffs' Objections to the Notice of Deposition").

## Plaintiffs Objections to the Scope of the Deposition Testimony
## Set Forth In the Notice of Deposition

Plaintiffs' Counsels' Letter of Objections dated July 15, 2024 lists several objections to the scope of the Notice. The objections that underlie Plaintiffs' Motion for a Protective Order pertain to Notice of Deposition numbers 3, 15, and 25.

Notice of Deposition topic 3 states "all non-privileged communications" regarding this proceeding or regarding any of the Defendants. While the notice states "non-privileged," in fact, during the July 16, 2024 telephone conferral, Defendants' counsel asserted that spousal communications were not privileged to the extent of a business matter exception.

Further to Plaintiffs' objection to Notice topic 3, to the extent that it purports to seek discovery of matters irrelevant to the actual claims pending in this case, which Defendants' counsel admitted on the July 11th conferral call that they seek to accomplish, the topic is beyond the scope of permissible discovery.

Regarding Notice topic 15, Defendants purport to inquire of Copon about the filing, prosecution and maintenance of any and all federal copyright applications and registrations owned by Plaintiffs in connection with the Film.

Plaintiffs' counsel's Letter of Objections objects to the scope "to the extent that it pertains to any attorney-client communications, attorney-client privilege, work product of either the Plaintiffs or their undersigned counsel and/or asking for legal conclusions."

Regarding Notice topic 25, Defendants purport to inquire of Copon factual assertions and statements made in any complaints, etc. submitted to the Screen Actors Guild -American Federation of Television and Radio Artists SAG-AFTRA in connection with the Film.

Plaintiffs' counsel's Letter of Objection asserts this is objectionable because such assertions and statements were made in anticipation of litigation and constitute work product of Plaintiffs. Further, to the extent Defendants seek to elicit discovery for claims, defenses and counterclaims not actually pending in this action, the discovery request is impermissible.

A telephone conferral was scheduled for July 15, 2024 at 2:00 p.m. to discuss discovery issues, which counsel rescheduled to July 16, 2024.

The undersigned Plaintiffs' counsel and Defendants' counsel did have a telephone conferral on July 16, 2024 to further discuss discovery matters including the Plaintiffs' Objections to the Notice of Deposition.

During the July 16, 2024 telephone conferral, the undersigned Plaintiffs' counsel stressed to Defendants' counsel that there would be no waiver of the

marital communications privilege at Copon's deposition which had already been made clear in the July 8, 2024 telephone conferral about the deposition of Mrs. Copon.

During the July 16, 2024 telephone call, Defendants' counsel asserted that they would not agree to respect the spousal communication privilege at the deposition on the ground that there was an exception for communications between spouses regarding business matters.

## LEGAL REQUIREMENTS FOR A PROTECTIVE ORDER REGARDING PRIVILEGED AND PROTECTED INFORMATION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in part, that parties in a federal civil lawsuit "may obtain discovery regarding any *nonprivileged* matter that is *relevant* to any party's claim or defense and proportional to the needs of the case." Fed.R.Civ.P. 26(b)(1) (emphasis added).

Privileged matters are expressly exempted.

Matters that are irrelevant to any party's claim or defense are expressly exempted.

Defendants seek to acquire discovery from Plaintiffs in violation of Rule 26 (b)(1). Therefore, Plaintiffs seek the protection of this Court with an order of protection.

Federal Rule of Civil Procedure 26(b)(5)(A)(i)-(ii) provides that a party asserting a privilege or any similar protection i) expressly make the claim and ii) describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim.

Under Federal Rule of Civil Procedure 26(c)(1), a party moving for a protective order must show that good cause exists for the court to issue such an order "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In addition to finding good cause, the court must also be satisfied that, on balance, the interests of the party seeking the protective order outweigh the interests of the opposing party. *McCarthy v. Barnett Bank of Polk Cty.,* 876 F.2d 89, 91 (11th Cir. 1989); Middle District Standing Order Regarding Privileged and Protected Information.

Plaintiffs have good cause for the protective order sought in Plaintiffs' Motion for a Protective Order which is to protect Plaintiffs from being subject to discovery from Defendants that is beyond the scope of that permitted by law. Further, the interests of Plaintiffs outweigh the interests of Defendants because Defendants seek to obtain discovery in violation of the Federal Rules of Civil Procedure, the spousal communication privilege, the attorney client privilege and the work product protection in violation of Plaintiffs' rights and the rule of law.

# Privileges

## a. Spousal Communication Privilege

Plaintiffs contend that communications between Plaintiff Copon and his wife Victoria Jade Copon are entitled to protection from compelled disclosure by Defendants under the doctrine of spousal communication privilege.

Under the laws of the State of Florida, Florida Statutes 90.504 (2023), the privilege is defined thus:

> 90.504 Husband-wife-privilege._
> (1) A spouse has a privilege during and after the marital relationship to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses while they were husband and wife.
> (2) The privilege may be claimed by either spouse or by the guardian or conservator of a spouse. The authority of a spouse, or guardian or conservator of a spouse, to claim the privilege is presumed in the absence of contrary evidence.

The contours of protection of marital communications under the federal law are as follows:

> "There are two recognized types of marital privilege: the marital confidential communications privilege and the spousal testimonial privilege. Trammel v. United States, 445 U.S. 40, 50-51 (1980). The marital privilege asserted by the appellant is marital communications privilege, which has been recognized by this court. United States v. Entrekin, 624 F.2d 597, 598 (5th Cir. 1980); United States v. Mendoza, 574 F.2d 1373, 1379 (5th Cir. 1978)." *United States of America v. Donna Singleton,* (11th Cir. 2001).

There is no business matter exception to the spousal communication privilege under Florida law.

Federal courts do recognize a business matter exception to the spousal communication privilege but the exception should not apply in the case at bar because Copon and Mrs. Copon have attested that she is not a part of Copon Studios or any other business of Copon. "Communications relating solely to business matters are not covered by the marital privilege because the information is not confidential); *Lamport v. Williams*, 2014 WL 12605141, at *3 (S.D. Fla. May 30, 2014).

As to whether Florida law or federal law applies to the privilege at issue, the Federal Rule of Evidence 501 provides:

> "The common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rule prescribed by the Supreme Court. But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.
>
> (Pub. L. 93–595, §1, Jan. 2, 1975, 88 Stat. 1933; amended Apr. 26, 2011, eff. Dec. 1, 2011.)

Federal Rule of Evidence 501 provides that federal courts are to apply federal privilege law to federal claims and state privilege law of the forum state to state claims.

Plaintiffs' SAC asserts federal jurisdiction on the basis of diversity of citizenship of the parties pursuant to 28 U.S.C. §1332 (ECF # 58, Paragraph 9); claims under the declaratory judgment (ECF # 58, Paragraph 10); claims under

the 1976 Copyright Act, as amended (ECF # 58, Paragraph 11); Lanham Act claims under 15 U.S.C. Section 1121 (a) and 28 U.S.C. §1338 (b) (ECF #58, Paragraph 12); and supplemental jurisdiction over claims arising under Florida law under 28 U.S.C. §1367(ECF # 58, Paragraph 13).

Where the federal court's jurisdiction is based upon diversity of citizenship, the law of the forum state determines the spousal communication privilege. *Tropical Mktg. & Consulting, LLC v. Glock, Inc.*, Case No. 6:12-cv-1388-Orl-36TBS, 7-8, 2012 WL 5431002 (M.D. Fla. Nov. 7, 2012); *Sims v. BMW of N. Am.*, 6:22-cv-1685-PGB-EJK, 2 (M.D. Fla. Nov. 8, 2023).

In *Sims*, the court quashed subpoenas for text messages between plaintiff and his non party spouse from whom he was separated on the ground of spousal communication privilege under Florida law which provides no exception for the spousal communication privilege if the spouses are separated.

Where the federal court's jurisdiction is based upon a federal question, the federal law on spousal communication privilege would apply.

In cases within the Eleventh Circuit involving the federal common law of spousal communication privilege, a business matter exception is recognized in certain limited circumstances.

In *Hanger Orthopedic Group, Inc. v. McMurray*, 181 F.R.D. 525, 526 (M.D. Fla. 1998), the business matter exception was found where "Crystal McMurray assumed the role of incorporator, initial director, present director, majority shareholder, and President of a Florida corporation."

Whether this Honorable Court decides that federal common law or Florida law applies to determine the scope of spousal communication privilege in the matter at bar, Plaintiffs contend that in either instance, a business matter exception does not apply to the communications between Copon and Mrs. Copon.

The sworn statements of Copon and Mrs. Copon assert that they married on August 8, 2020, have never separated or divorced, that they communicate often by text, sometimes by email, and that their communications are made in reliance of intimacy and privacy and expectation that their communications are confidential. The sworn statements further attest that Mrs. Copon is not an owner, co-owner, partner, member, manager, employee, director, officer of or in Copon Studios or any other business of Copon. Mrs. Copon is not a party to this action.

Plaintiffs contend that there is no applicable exception to the spousal communications privilege for communications between Copon and Mrs. Copon for a business matter exception under either Florida law or federal law. Based on the foregoing, Plaintiffs assert they are entitled to a protective order from this

Honorable Court to limit the scope of the depositions of Copon and Mrs. Copon to prohibit any compelled disclosure of spousal communications.

### b. Attorney Client Communications and Work Product

Defendants seek to question Copon regarding " The filing, prosecution, and maintenance of any and all federal copyright applications and registrations owned by Plaintiffs in connection with the Film(including, without limitation, any for shooting scripts in/for the Film, notes/revisions to shooting scripts in/for the Film, and the Film itself)." (Notice topic 13).

Plaintiffs' counsel filed applications for copyright registrations on behalf of Copon on December 27, 2023, for which certificates of registrations were issued: Certificate PA 2 449-274 and Certificate PA u 4 222 419.

The original complaint in this action was filed October, 2023. The applications were handled in December, 2023 after litigation began. Communications between Plaintiffs and Plaintiffs' counsel regarding the applications are privileged attorney client communications. Plaintiffs' counsel's work regarding the applications constitutes work product to the extent prepared in preparation for trial.

Notice topic 13 does not exclude attorney client communications or work product. Plaintiffs' Notice of Objections to Notice of Deposition pointed this out

and requested such a limitation which Defendants' counsel refused during the July 16, 2024 conferral call. To the extent that Notice 13 seeks discovery of attorney client communications and work product, Notice topic 13 is impermissible.

"The attorney-client privilege, "the oldest of the privileges for confidential communications known to the common law," *United States v. Zolin,* 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989) (quoting *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981)), protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance. *In re Grand Jury (G.J. No. 87-03-A),* 845 F.2d 896, 897 (11th Cir. 1988). "*Cox v. Adm' U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994).

"The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992) (quoting *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982)).

The work-product doctrine protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed.R.Civ.P. 26(b)(3)(A). *Rockis v. Schneider*, 2:21-cv-357-JLB-NPM, 4 (M.D. Fla. Feb. 23, 2024).

Federal Rule of Civil Procedure 26(b)(3) codifies the work product privilege enunciated in *Hickman v. Taylor*, 329 U.S. 495 (1947).

"The work-product doctrine prohibits unwarranted inquiries into the files and opinions of an attorney and " reflects the strong 'public policy underlying the orderly prosecution and defense of legal claims.'" *United Kingdom v. United States,* 238 F.3d 1312, 1321 (11th Cir. 2001), quoting *Hickman v. Taylor,* 329 U.S. 495, 509-10, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (witness statements need not be produced). The rationale for the doctrine is the belief that " the privacy of an attorney's course of preparation is ... essential to an orderly working of our system of legal procedure." Hickman, at 512. An attorney must be able to prepare cases without fear that her work-product, as reflected in " interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways," will be used by her client's adversaries. *Id.,* at 511." *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 618-19 (S.D. Fla. 2013).

"Immunity from production of work-product materials may be asserted by either the attorney or the client, and each can waive that immunity, but only as to herself, as both the attorney and the client benefit from the privilege" *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 619 (S.D. Fla. 2013).

Defendants also seek to question Copon regarding assertions and statements made in any complaints, etc. submitted to the Screen Actors Guild -American Federation of Television and Radio Artists SAG-AFTRA in connection with the Film. (Notice topic 25). The same arguments that pertain to Notice 13 apply to Notice topic 25.

The scope of discovery requested by Defendants involves communications between Plaintiffs and their counsel and representatives of his labor union in anticipation of both litigation against Defendants and in preparation to file a claim against Defendants with the labor union. The scope is impermissible as it violates privileges as to attorney client privilege and confidentiality of work product.

"The work-product doctrine protects materials if they were prepared for any litigation (even litigation which has terminated) as long as such materials were prepared for a party to the litigation in which the protection is being asserted. *FTC v. Grolier, Inc.,* 462 U.S. 19, 25, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983)." *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 619 (S.D. Fla. 2013).

**Discovery of Information For Claims or Defenses Not Actually Pending**

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as any **nonprivileged** matter that is **relevant** to any party's claim or defense.

"…a party can only get discovery on well-pled allegations; discovery cannot be used for the purpose of developing new claims. Fed.R.Civ.P. 26(b)(1), Advisory Committee Note (2000) ("[T]he parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."); *Turco v. Ironshore Ins. Co.*, No. 218CV634FTM99MRM, 2019 WL 2255654, at *5 (M.D. Fla. Mar. 4, 2019) ("Relevance is determined on the basis of the existing claims and defenses in the litigation, not on unasserted claims and defenses.")." *Weise v. Blue Line Law Firm PLLC*, No. 22-CV-81549-AMC, 7 (S.D. Fla. Jan. 5, 2024).

The requested information must be relevant to existing claims and defenses, not unasserted claims or defenses. *Turco v. Ironshore Ins. Co.*, No. 218CV634FTM99MRM, 2019 WL 2255654, at *5 (M.D. Fla. Mar. 4, 2019).

"A district court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Such an order may "forbid[ ] inquiry into certain matters, or limit[ ] the scope of disclosure or discovery to certain matters." Fed.R.Civ.P. 26(c)(1)(D). As the Advisory Committee Notes say, "[t]he Committee intends that the parties and the court focus on the actual claims and defenses involved in the action." Fed.R.Civ.P. 26 advisory committee's note (2000 Amendment). In other words, "the court ... has the authority to confine discovery

17

to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *Id.*"*Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012).

In discovery, "requiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" *Builders Flooring Connection, LLC v. Brown Chambless Architects,* No. 2:11CV373-MHT, 2014 WL 1765102, at *1 (M.D. Ala. May 1, 2014) (quoting GAP Report of Advisory Committee to 2000 amendments to Rule 26). "As the Advisory Committee Notes say, '[t]he Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.'" *Liese v. Indian River Cty. Hosp. Dist*., 701 F.3d 334, 355 (11th Cir. 2012) (quoting the GAP Report). *Polycarpe v. Seterus, Inc.*, Case No: 6:16-cv-1606-Orl-37TBS, 7-8 (M.D. Fla. May. 23, 2017).

"In discovery, 'requiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery

18

to develop new claims or defenses that are not already identified in the pleadings.'" *Polycarpe v. Seterus, Inc.*, Case No: 6:16-cv-1606-Orl-37TBS, 7-8 (M.D. Fla. May. 23, 2017).

The governing law is clear that Defendants' mission to seek discovery for claims, defenses and counterclaims that are not pending is improper and should be prohibited.

Plaintiffs request that this Court grant the relief sought in Plaintiffs' Motion for a Protective Order on or before July 22, 2024 at 10:00 a.m. when the deposition of Mrs. Copon is scheduled to commence or a stay of the objectionable discovery pending resolution on or before July 22, 2024 at 10:00 a.m..

"Upon receipt of a motion for a protective order, the Court may issue a temporary stay of discovery pending resolution of the motion." Middle District Florida Civil Discovery Handbook VII. A.

Respectfully submitted,

July 19, 2024

*Ann Deborah Fishman*
_____

Ann Deborah Fishman, Esq.

> Florida Bar 807850
> Fishman Law PLLC
> 1645 Palm Beach Lakes Blvd. #1200
> West Palm Beach, Florida 33401
> ann@fishman.law

## CERTIFICATE OF SERVICE

I hereby certify that on July 19 2024, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF and served on all counsel of record by email as well to Mark Johnson, Veronika Balbuzanova and Peter Herman.

July 19, 2024

> *Ann Deborah Fishman*
> _____
> Ann Deborah Fishman, Esq.
> Florida Bar 807850
> Fishman Law PLLC
> 1645 Palm Beach Lakes Blvd. #1200
> West Palm Beach, Florida 33401
> ann@fishmam.law